## M & S CONSTRUCTION COMPANY *v.*
## COMMISSION

Peter M. Gunnar and Daniel Ritter, Salem, represented plaintiff.

Gerald F. Bartz and Carl N. Byers, Assistant Attorneys General, Salem, represented defendant.

Decision for plaintiff rendered February 1, 1968.

Edward H. Howell, Judge.

M & S Construction Company owns two van-type trailers, both licensed as motor vehicles in Oregon. The defendant commission contends that these vehicles were subject to ad valorem taxation for 1966-67 since they were fixed load vehicles as defined by ORS 481.272, which provides in part:

"(1) Fixed load vehicles are not exempted from ad valorem taxes by ORS 481.270.

"(2) As used in this chapter, 'fixed load vehicles' means vehicles with or without motive power, that are *neither designed nor used primarily for the transportation of persons or property over public highways or streets.* * * *" (Emphasis supplied.)

The issue is simply whether plaintiff's vehicles are fixed load vehicles as defined by ORS 481.272.

The parties stipulated at the trial that these van-type vehicles were originally designed primarily for transportation over public highways. The testimony showed that for at least part of the time during 1966 the vehicles were hauled over state highways and stationed at plaintiff's job sites where they were used for the storage of tools and supplies.

■ ORS 481.272, *supra,* provides that fixed load vehicles are not exempt from ad valorem taxation if they are "neither designed nor used primarily" for the transportation of persons or property over public highways or streets. The definition is expressed as a negative proposition since it defines fixed load vehicles by excluding certain vehicles. A fixed load vehicle under the statute is not a vehicle *designed* primarily for the transportation of property over public highways. Also it is not a vehicle *used* primarily for the transportation of property over public highways, and

it is not a vehicle that is both designed and used primarily for such transportation.

To illustrate further, if the definition were stated affirmatively it would read: A fixed load vehicle does not include vehicles either designed or used primarily for the transportation of persons or property over public highways or streets. And if the vehicles to be excluded from ad valorem taxation are those that are both designed and used primarily for such transportation, then the statute should have been expressed in the conjunctive form as follows: Fixed load vehicles do not include vehicles designed *and* used primarily for the transportation of persons or property over public highways.

Furthermore, if the legislature intended to exclude from ad valorem taxation only those vehicles used primarily for transportation, the words "neither designed" should not have been used.[1] Courts should not presume any provision in a statute is redundant or useless. *Union Pac. R. R. Co. v. Bean,* 167 Or 535, 119 P2d 575 (1942).

The defendant's position that the words "neither designed nor used" means that the plaintiff must satisfy both requirements of being neither designed nor used for transportation in order to secure the exemption from ad valorem taxation cannot be sustained. When, as the plaintiff contends, the legislature used the words "neither" and "nor" it must have

---

[1] Apparently the use of the word "designed" was deliberately intended by the legislature. On February 21, 1961, while considering an amendment to ORS 481.272, Chairman Anthony Yturri of the Senate Committee on Highways stated: "The term 'fixed load vehicle' is a 'word of art' that applies to these particular vehicles and those like them, not primarily *designed* for transportation of persons or property. * * *" (Emphasis supplied.) Hearing on SB 307 before Senate Committee on Highways, 51st Legislative Assembly, Minutes of February 27, 1961, p. 3.

intended that if plaintiff satisfied either provision it would be exempt from ad valorem taxation.

As the parties have stipulated that the vehicles in question were designed primarily for transportation the plaintiff has satisfied the "neither" "nor" qualification mentioned in the statute and is entitled to prevail.

The order of the tax commission is set aside.